## INDUSTRIAL COMM v THATCHER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1285.  Decided Jan 8, 1935

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, and Calvin Crawford, Prosecuting Attorney, Dayton, for plaintiff in error.

Horace W. Palmer, Dayton, and Frank W. Krehbiel, Dayton, for defendant in error.

**612**

**OPINION**

By BARNES, J.

Under all the evidence and circumstances presented in the case, the conclusion is irresistible that Mr. Thatcher was in the course of his employment when he received the fatal blow. The State makes the claim that the injury did not grow out of his employment and in support of this contention presents the evidence of four witnesses, all of whom are now in the Ohio Penitentiary for the murder of Mr. Thatcher and all give testimony that the assault was for the sole purpose of robbing Thatcher. According to the testimony of these culprits, two of them located themselves on the roof of the building immediately above this door and when Thatcher came out dropped a piece of pigiron on his head, thus causing the injury and subsequent death. In our judgment, the trial court as a determiner of the facts, by reason of jury having been waived, would be warranted, if he saw fit, in disregarding the testimony of these four boys in toto. The cold record discloses to us a bravado in their narrative indicative of a life without moral sense or regard for human life.

The fact that they are now in the penitentiary and that there can be no ascertainable motive why they would testify untruthfully is not even persuasive of that fact. Individuals so devoid of moral sense can not be measured by normal standards. Our experience teaches us that their testimony may have been prompted by a passing fancy unsupported by rhyme or reason. Without their testimony there certainly is no question that the record adequately presents as proven every necessary element to support the finding and judgment.

Even if full credit should be given to the testimony of these four criminals, we still think that the record supports the judgment. Counsel for plaintiff in error in support of their argument for reversal cite, the following cases:

**Fassig v State ex, 95 Oh St 232.**

**Industrial Commission v Weigandt, 102 Oh St, 1.**

**Langenheim v Industrial Commission, 25 Oh Ap, 1.**

**Industrial Commission v Gintert, 128 Oh St, 129 (Oh Bar May 21, 1934).**

In the Fassig case, supra, the sole question for determination in the Supreme Court was the constitutionality of §27 of the Act as then numbered. The Common Pleas Court had held the section unconstitutional. The Court of Appeals of this district had reversed and on error to the Supreme Court, the judgment of the Court of Appeals was affirmed. At that time, the Industrial Insurance Law was new and the Supreme Court in passing on the constitutionality of §27, through the syllabus as well as in the opinion made many observations designed to be helpful in the future administration of the law. Since this pronouncement there never has been any doubt on the principle as announced by the very clear statement in the last paragraph of the 5th syllabus which reads as follows:

"Such provisions do not cover any injury which has its cause outside of and disconnected with the employment, although the employe may at the time have been engaged in the work of his employer in the usual way."

Whatever difficulty has arisen since this announcement has been on its application.

The Weigandt case, supra, was a Shelby County case and it happens that the writer of this opinion was the trial court before

whom the case was tried. In the Weigandt case, as in the instant, it was urged that the injury to Weigandt did not grow out of his employment. The State failed in its contention in the trial court and this judgment was affirmed both in the Court of Appeals and in the Supreme Court. The injury to Weigandt occurred just after he had checked in and was walking through an aisle to the main shop wherein was located the machine at which he worked. Two other employees, both of whom had likewise just checked in and were moving through this same aisle, were engaged in a friendly scuffle during which a file flew out of the hands of one and struck Weigandt in the eye. In the second syllabus the Supreme Court states in substance that the test is whether the employment had some causal connection with the injury either through its activities, conditions or its environment. The instant case could, if necessary, be measured by this same standard. The injury to Mr. Thatcher which resulted in his death was by reason of an environment attached to his employment.

The Langenheim case, supra, is not in point. In this case the employee had ceased his employment and his injury had no causal connection with his employment.

The Gintert case, 128 Oh St, supra, is a re-announcement of the same principles set out in the Weigandt case.

We find no prejudicial error in the record. The judgment of the court below will be affirmed. Costs will be taxed against plaintiff in error.

Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.